IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BOBBY DOE, | : |
| | : |
|     Petitioner, | : |
| | : |
| vs. | : |
| | :   CIVIL ACTION No. 06-00600-KD-B |
| DAVID O. STREIFF[1], *et al.*, | : |
| | : |
|     Respondents. | : |

**REPORT AND RECOMMENDATION**

Bobby Doe[2], a native and a citizen of Liberia, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging his continued detention by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). Following a careful review of the record, it is recommended that the instant petition be dismissed as moot because Doe is no longer in ICE custody, having been released from ICE custody pending deportation.

**I.   FINDINGS OF FACT**

1.   Doe acknowledges that he is a native and citizen of Liberia and

---

[1] Bill Bateman is no longer the Warden of the Perry County Correctional Center. Accordingly, pursuant to the provisions of Rule 25(d) of the Federal Rules of Civil Procedure, David O. Streiff, as Warden of that facility, is substituted for Bateman as a proper Respondent in this action.

[2] Petitioner also employs the alias "Ambrose Nmagbe Doe." (Doc. 12, p. 3).

that he entered the United States on or about May 1989 at JFK International Airport in New York, New York. (Doc. 1). According to Doe, an Immigration Judge ordered him removed from the United States on July 21, 1989, and he was subsequently taken into ICE custody on June 13, 2004, where he has remained since that date.[3] (Id., Doc. 17).

2. On September 29, 2006, Doe filed the instant petition for writ of habeas corpus, wherein he argues that his continued detention[4] by ICE officials violates the provisions of 8 U.S.C. 1231(a)(6) as interpreted by the United States Supreme Court in Zavydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001). (Doc. 1). Doe does not contest the order of removal but instead seeks immediate release from

---

[3]According to Respondents, Petitioner attempted to enter the United States under a B-2 Visitor Visa via New York, New York on May 16, 1989. (Doc. 12). Respondents further assert that Petitioner's inspection was deferred until May 30, 1989, for a final determination of admissibility, and that while Petitioner appeared for deferred inspection, he failed to appear on July 21, 1989, for an Immigration hearing. As a result, the Immigration Judge denied Doe's application for admission to the United States and ordered him excluded. (Id.) Respondents also allege that in 1990 or 1991, Doe submitted an application to the INS for Temporary Protected Status ("TPS") under the name "Ambrose Nmagbe Doe," which was initially granted; however, said status was later denied, on September 18, 1998, due to Doe's conviction, in October 1997, for Carrying a Concealed Weapon. On June 14, 2004, Doe was taken into ICE custody based on the July 21, 1989, order of exclusion and deportation.(Id.)

[4]At the time Doe filed his habeas petition, he was being detained at the Perry County Correctional Center. Subsequently, Petitioner filed a notice of address change, wherein he advised the Court that he had been transferred to Etowah County Detention Center in Gadsden, Alabama. (Doc. 6).

2

custody under an order of supervision pending deportation and an order enjoining Respondents from any further unlawful detention of his person. (Id. at 7).  According to Doe, he has cooperated fully with ICE; however, the Government has been unable to remove him to Liberia. (Id. at 5).

3.    In their initial Answer, Respondents argued that Doe's own actions, including not cooperating with the Liberian Consulate by providing necessary information for the issuance of travel documents, filing a Motion to Reopen Exclusion Proceedings ("MTR"), which resulted in a stay of removal, and filing a petition for review with the United States Court of Appeals for the Second Circuit, have hindered the removal process and that Doe has failed to carry his burden of showing no significant likelihood of removal in the reasonably foreseeable future.[5]  (Doc. 12).  In fact, according to Respondents, ICE successfully obtained travel documents for Doe on May 16, 2005; however, the travel documents were returned at the request of the Liberian Consulate after Doe filed the MTR. (Id.) Pursuant to the Court's Order dated July 16, 2008 (Doc. 18), Respondents filed an Amended Response to Doe's petition on July 23, 2008, wherein they advised the Court that Doe was released from ICE custody under an order of supervision on

---

[5] Doe, however, denies the Government's allegations and asserts that the government of Liberia declined to issue travel documents due to his medical condition. (Doc. 17, p. 3).

3

August 7, 2007.[6] (Doc. 20). Respondents contend that in light of Doe's release from ICE custody, his habeas petition is now moot. (Id.)

4.  The docket reflects that mail sent to Petitioner's address of record was returned to the Court with the notation "Return To Sender[;] Not Deliverable As Addressed[;] Unable To Forward" on July 28, 2008. (Doc. 21).

**II.  CONCLUSIONS OF LAW**

1.  "In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. § 2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." He v. Gonzales, 2006 WL 1687796, *1 (W.D. La. 2006). Where, as here, a § 2241 petitioner has been released from federal custody pending deportation to his native country, thereby garnering the relief sought in filing his habeas corpus petition, the issue becomes whether there is any longer a live case or controversy or, instead, if the petition has become moot. See id.

2.  The Eleventh Circuit has observed that "Article III of the Constitution limits the jurisdiction of the federal courts to the

---

[6]The Order of Supervision, signed and acknowledged by Doe on August 7, 2007, lists his current address as 160 Labree Boulevard, McDonough, Georgia 30253. (Doc. 20, Ex. 1).

consideration of 'Cases' and 'Controversies.'"  <u>Soliman v. United States ex rel. INS</u>, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); <u>See</u> <u>also</u> <u>Al Najjar v. Ashcroft</u>, 273 F.3d 1330, 1335 (11th Cir. 2001) (same).  Moreover, "[t]he doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" <u>Soliman</u>, 296 F.3d at 1242.  Put another way, "a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  In fact, "dismissal is required because mootness is jurisdictional." <u>Id.</u> (internal citations omitted).

3.   Several district courts have determined that where an alien is released from ICE custody pending removal from the United States, "his petition for habeas relief under <u>Zavydas</u> is moot." <u>He</u>, <u>supra</u>, 2006 WL 1687796, at *1; <u>see</u> <u>also</u> <u>Abdalla v. Ashcroft</u>, 2004 WL 2315089, at *2 (W.D.N.Y. 2004) ("As, however, Petitioner does not dispute he was released from administrative custody on January 30, 2004, the instant petition no longer presents a case or controversy pursuant to Article III, § 2 of the United States Constitution."), <u>adopted</u> <u>by</u> <u>Abdalla v. Ashcroft</u>, 2004 WL 2491646 (W.D.N.Y. 2004).

4.   Given the extant case law, the undersigned finds that Doe's

5

petition for habeas corpus relief is now moot because there exists no active case or controversy.  Doe has been released from ICE custody and is residing in McDonough, Georgia.  Thus, this Court can no longer grant Doe the relief requested in his petition, namely his immediate release from ICE's custody pending his removal from the United States, because this relief has already been afforded him. (See Doc. 20).  Because there is nothing to remedy even if this Court were disposed to do so, this action should be dismissed without prejudice. Soliman, supra, 296 F.3d at 1243, quoting Spencer v. Kemna, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998).

### III. CONCLUSION

The undersigned Magistrate Judge recommends that Doe's petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be **DISMISSED** as moot.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **31st** day of **July, 2008**.

                                           **/s/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                    **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**